UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>PINE VIEW LIVING, INC.,  )<br>  )<br>Defendant.  )<br>_____ ) | Civil Action No. 11-cv-601<br><br>**CONSENT DECREE** |

On August 29, 2011, the Equal Employment Opportunity Commission ("EEOC") filed Civil Action No. 11-cv-601 (W.D. Wis.) against Pine View Living, Inc. ("Pine View"), under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 alleging that Pine View violated Title VII when it retaliated against Rae L. Anderson by terminating her employment after she filed a complaint with the EEOC and the State of Wisconsin's Equal Rights Division in which she alleged that Pine View had discriminated against her on the basis of race and retaliation. The Complaint in Civil Action No. 11-cv-601 sought injunctive relief as well as back pay and compensatory and punitive damages for Ms. Anderson.

The EEOC and Pine View have agreed to this Consent Decree to fully and finally resolve all claims which the EEOC raised in its Complaint. This Decree does not constitute an adjudication of, or a finding on, the merits of the case for or against any party. On November 30, 2011, Pine View filed an answer in which it denied the allegations in the EEOC's Complaint. This Decree shall not constitute an admission by any party as to the claims and/or defenses of any other party.

This Consent Decree shall be final and binding on the EEOC and on Pine View; on Pine View's directors, officers, agents, employees, successors, and assigns; and on all persons in active concert or participation with Pine View.

## CONSENT DECREE

Upon the consent of the parties to this action, IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

### Jurisdiction

1. <u>Jurisdiction of Court</u>. This Court has jurisdiction over the parties and the subject matter of this action.

2. <u>Final Resolution</u>. This Consent Decree fully and finally resolves all claims which were raised by the EEOC in its Complaint in Civil Action No. 11-cv-601 (W.D. Wis.) and which arose out of the charge of discrimination (EEOC Charge No. 26G-2009-00972) filed by Ms. Anderson against Pine View. This Decree constitutes a complete resolution of all claims under the Title VII and the Civil Rights Act of 1991 that the EEOC made in this action.

3. <u>No Limitation of Rights</u>. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit Pine View's obligations under Title VII, the EEOC's authority to process or litigate any discrimination charge which may be filed against Pine View in the future, or Pine View's ability to defend against any such discrimination charge.

### Effective Date and Duration of Consent Decree

4. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date"). Except as otherwise provided herein, this Decree shall remain in effect for one (1) year after the Effective Date.

## Non-Discrimination

5.   <u>Compliance with Title VII</u>.  During the term of the Consent Decree, Pine View shall fully comply with Title VII and not engage in any employment practice which constitutes unlawful discrimination under that statute.

6.   <u>No Retaliation</u>.  During the term of the Consent Decree, Pine View shall not engage in, implement, or permit any action, policy, or practice for the purpose of retaliating against any current or former applicant or employee because s/he opposed any action or practice which s/he reasonably believes is unlawful under Title VII.  Pine View shall not retaliate against any individual who files a charge of discrimination alleging any such action or practice; who testifies or participates in any manner in any investigation (including, but not limited to, internal investigations by Pine View), proceeding, or hearing relating to any claim of employment discrimination in this or any other matter; or who was identified as a possible witness in such an action or matter, asserts any rights under this Consent Decree, or seeks or receives any monetary or non-monetary relief in accordance with the law.

## Monetary Relief

7.   Pine View shall pay $40,000 to Rae L. Anderson in full settlement of the claims against Pine View in the EEOC's Complaint.  The payments shall be made in eight $5,000 increments, payable on the last business day of each month starting on August 31, 2012, and ending on March 29, 2013.  The first five payments (August, September, October, November, and December) shall be treated as compensatory damages and reported on a Form 1099.  The final three payments (January, February, and March) shall be allocated as wages from which appropriate withholdings and deductions will be made.  Before she receives any payment, Ms. Anderson shall sign the release attached as **Exhibit A** to this Consent Decree and the EEOC shall

promptly convey her executed release to Pine View. In no event shall Pine View be responsible for making any payment until the duly executed release is received by Pine View or its counsel.

8. Pine View shall send each settlement check to Ms. Anderson by certified U.S. mail to an address specified by the EEOC, and within 10 business days thereafter shall mail a photocopy of each check to Dennis R. McBride, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292.

### Posting of Notice

9. Within 10 business days after the Court's entry of this Consent Decree, Pine View shall post same-sized copies of the Notice attached as **Exhibit B** to this Decree on the bulletin boards at Pine View's Sun Prairie facility usually used for communicating human resources matters to employees. The notice shall remain posted for 12 months from the date of entry of this Decree. Within 10 business days of the posting, Pine View also shall send a letter to Dennis R. McBride, Esq., at the address listed in Paragraph 8 above, enclosing a copy of the Notice as signed by Pine View, and stating the date and locations of the posting. Pine View shall make good-faith efforts to ensure that the posting is not altered, defaced, or covered by any other material. If a posted copy becomes defaced, removed, marred, or otherwise illegible, as soon as practicable Pine View shall post a readable copy in the same manner as previously specified.

### Training

10. During the term of this Consent Decree, Pine View shall provide the following training to Fred Boyd and other managers at its Wisconsin facilities:

   (a) Pine View shall provide two annual training sessions regarding the rights of employees under Title VII, and the employer's obligations under Title VII, with an emphasis on how to keep Pine View free of such discrimination, on what constitutes

unlawful retaliation, and on how to conduct a prompt and effective investigation into allegations, complaints, or charges of employment discrimination.

    (b)    Each training session shall include a live presentation by a Pine View executive, manager, or employee relations professional emphasizing Pine View's commitment to prevent discrimination and retaliation.

    (c)    Pine View shall provide training in accordance with Paragraph 11(a) above at any time during the years ending on December 31, 2012, and December 31, 2013.

11.    The training described in Paragraph 10 above shall be a live presentation for a minimum of one hour, conducted by an attorney experienced in employment discrimination law or by a qualified professional human resources consultant.

12.    Within five business days after each training session has occurred, Pine View shall send a letter to Dennis R. McBride, Esq., at the address listed in Paragraph 8 above, certifying that the training has taken place and that the required personnel have attended. With each such letter, Pine View shall enclose a copy of the training materials used at the training session.

Reporting and Document Retention

13.    On or before December 31, 2012 and June 30, 2013, Pine View shall report to the EEOC the names, addresses, and telephone numbers of all employees in Pine View's Wisconsin facilities who have made a formal or informal complaint of retaliation during the previous six months, including a summary of the nature of the complaint or retaliation allegation and of the results of any investigation, discipline, or other action taken as a result of the complaint or allegation. Pine View shall make the semi-annual reports in writing to Dennis R. McBride, Esq.,

at the address listed in Paragraph 8 above. Pine View shall maintain all documents pertaining to such complaints and allegations for the full reporting period, and shall make such documents available for inspection by EEOC on 48 hours' written notice (excluding weekends and holidays).

Dispute Resolution

14.   If either party to this Consent Decree has good reason to believe that the other party has failed to comply with any provision of the Consent Decree, counsel for the complaining party shall notify the other party of the alleged non-compliance in writing, which notice shall include a statement of the remedial action sought by the complaining party. The non-complaining party shall have the opportunity to make a written response, and Counsel for the EEOC and Pine View shall thereafter meet and confer to make a good faith effort to resolve the issues in dispute or alleged non-compliance. If the parties' good-faith efforts to resolve the matter have failed, Counsel for the EEOC or Pine View may file a motion with the Court, requesting resolution of the dispute or the issues of non-compliance, provided, however, that such motion shall be limited to the dispute(s) and/or issue(s) as to which the parties have met and conferred. Only the EEOC or Pine View shall have standing to move the Court to enforce, apply, or modify this Consent Decree.

15.   Each party to this Consent Decree shall bear its own costs, attorneys' fees and expenses associated with bringing any complaint or motion pursuant to this section, or otherwise seeking or defending the enforcement of the terms of the Consent Decree pursuant to this section.

Miscellaneous Provisions

16.   The terms of this Decree are adequate, fair, reasonable, equitable and just.

17. This Decree conforms to the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person. The entry of this Decree will further Title VII's objectives and will be in the best interests of the parties, Ms. Anderson, and the public.

18. Each party to this Decree shall bear its own costs, attorneys' fees, and expenses.

19. The terms of this Decree are and shall be binding upon Pine View's present and future representatives, agents, directors, officers, assigns, and successors, in their capacities as representatives, agents, directors, and officers of Pine View and not in their individual capacities. This Paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree, but this decree shall not be used as evidence in any proceeding other than one to enforce this decree.

20. This Decree shall be filed in the United States District Court for the Western District of Wisconsin and shall continue in effect for 12 months from the date on which this Decree is entered.

21. This Court shall retain jurisdiction over this action in order to enforce the terms of this Consent Decree.

SO ORDERED, ADJUDGED, AND DECREED this 20th day of August, 2012.

By the Court:

_____
Stephen L. Crocker
United States Magistrate Judge

Agreed to in form and content:

                         EQUAL EMPLOYMENT OPPORTUNITY
                         COMMISSION
                         By its attorneys:
                         P. David Lopez
                         General Counsel

                         Gwendolyn Young Reams
                         Associate General Counsel

                         EQUAL EMPLOYMENT OPPORTUNITY
                               COMMISSION
                         1801 L Street, N.W.
                         Washington, D.C. 20507

Dated:   August 3, 2012       *s/ Dennis R. McBride*
                         John C. Hendrickson, Regional Attorney
                         Jean P. Kamp, Associate Regional Attorney
                         EEOC Chicago District Office
                         500 West Madison Street - Suite 2800
                         Chicago, IL 60661
                         *Telephone*: (312) 353-7719  *Fax*: (312) 353-8555
                         *E-mail*:    john.hendrickson@eeoc.gov
                                       jean.kamp@eeoc.gov

                         Dennis R. McBride, Senior Trial Attorney
                         EEOC Milwaukee Area Office
                         310 West Wisconsin Avenue - Suite 800
                         Milwaukee, WI 53203-2292
                         *Telephone*: (414) 297-4188  *Fax*: (414) 297-3146
                         *E-mail*:    dennis.mcbride@eeoc.gov

Dated: August 13, 2012     PINE VIEW LIVING, INC.

                         Fred Boyd, Chief Executive Officer
                         Pine View Living, Inc.
                         4525 North 76th Street
                         Milwaukee, WI 53218
                         (414) 466-2257

Dated: August 13, 2012

                                         *s/Gerald L. Maatman, Jr.*
                                         Gerald L. Maatman, Jr., Esq.
                                         Christopher J. DeGroff, Esq.
                                         Matthew J. Gagnon, Esq.
                                         Seyfarth Shaw LLP
                                         131 South Dearborn Street, Suite 2400
                                         Chicago, IL  60603
                                         *Telephone*:  (312) 460-5000
                                         *Attorneys for Defendant*

*Exhibit A*

**RELEASE**

In consideration of the agreement by Pine View Living, Inc. ("Pine View") to the payment to me of $40,000 in connection with the resolution of *Equal Employment Opportunity Commission v. Pine View Living, Inc.*, Civil Action No. 11-cv-601 (W.D. Wis.), I waive my right to recover for any claim of discrimination and/or retaliation arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, or the Civil Rights Act of 1991, 42 U.S.C. § 1981a, that I had against Pine View prior to the date of this release and that was included or could have been included in the claims alleged in the EEOC's complaint in *EEOC v. Pine View Living, Inc.*, Civil Action No. 11-cv-601 (W.D. Wis.).

Dated: _____, 2012    _____
                                  Rae L. Anderson


STATE OF WISCONSIN    )
                      ) ss.
COUNTY OF DANE        )

    Before me, a Notary Public in and for said State and County, duly commissioned and qualified, personally appeared Rae L. Anderson, to me known to be the person described herein and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

    Signed and sworn to before me on this _____ day of _____, 2012.

_____
Notary Public

10

*Exhibit B*

## NOTICE TO PINE VIEW EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Pine View Living, Inc. ("Pine View") In its lawsuit, the EEOC alleged that Pine View violated Title VII of the Civil Rights Act of 1964 when it retaliated against a former employee by terminating her employment after she filed a complaint with the EEOC and the State of Wisconsin's Equal Rights Division in which she alleged that Pine View had discriminated against her on the basis of race and retaliation.

The EEOC is a U.S. government agency which investigates charges of unlawful job discrimination. It has authority to bring lawsuits in U.S. district courts to enforce Title VII, a federal law which prohibits discrimination against employees and job applicants based upon race, color, sex, religion or national origin. Title VII also forbids employers to retaliate against employees or job applicants who oppose discriminatory employment practices, file a charge of discrimination with a government agency, or testify or participate in an EEOC investigation.

To resolve this case, Pine View and the EEOC have entered into a Consent Decree which provides for a monetary payment to the former employee and also provides that:

- Pine View will not tolerate, or allow any employee to engage in, retaliation.

- Pine View will not retaliate against any person because s/he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree.

- Pine View will train all of its manager on retaliation and Pine View's policies prohibiting such retaliation.

The EEOC enforces the federal laws against employment discrimination on the basis of race, color, religion, national origin, sex, age, or disability. If you believe you have been discriminated against, you may call the EEOC at (414) 297-1110 or at (800) 669-4000. The EEOC does not charge fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE. This Notice must remain posted until <u>August 31, 2013</u>, and must not be altered, defaced or covered by any other material.**

Date: _____, 2012      By: _____
                                        Fred Boyd, President
                                        Pine View Living, Inc.

14727955v.1